# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ELIZABETH A. PALMER n/k/a ELIZABETH A. PALMER CRAIG, KEITH J. CRAIG, BCMW COMMUNITY SERVICES, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, and MIDLAND FUNDING, LLC,<br><br>　　　　Defendants. | Case No. 3: 18-cv-1405-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief District Judge:**

Pending before the Court is a Motion for Approval of Change to Sale Procedure filed by Plaintiff United States of America ("the Government") (Doc. 25). For the reasons set forth below, the Court grants the motion.

On March 15, 2019, this Court entered a Judgment Decree and Order Directing Sale of Mortgaged Property (Doc. 22). The Decree noted that the Clerk has entered default against each Defendant in this matter (*Id.*). Judgment was entered against Defendants for foreclosure of the mortgage at issue in this case (*Id.*). The Court directed the United States Marshal to give public notice of the "time, place, and terms of the sale, together with a description of the premises" by publication (*Id.*).

The Decree also required the United States Marshal to conduct the sale "at the front door of the Jefferson County Courthouse in the City of Mt. Vernon, Illinois" (*Id.*). According to the Notice of Sale filed in this case, such notice of the sale was provided, and the sale was scheduled for May 22, 2019 (Doc. 24).

Due to a scheduling error, however, the deputy marshal assigned to the sale did not appear at the courthouse at the appointed time (Doc. 25). A representative of the United States Department of Agriculture was present, and by some turn of events, a deputy sheriff with the Jefferson County Sheriff's Office conducted the sale (*Id.*). There was apparently a successful sale, and the high bidder believed that the sale was properly conducted. The high bidder has since begun making improvements to the property.

Now, the Government seeks this Court's imprimatur on the changed sale procedure. The Government asserts that the sale was conducted reasonably and in good faith, and also points out that it is not seeking a personal deficiency judgment against any Defendant. Because the foreclosure is uncontested, this case is in effect an effort to clear title and pass the real estate onto a purchaser. It is also worth noting that under the Illinois Mortgage Foreclosure Law, some of which this Court borrows for the foreclosure proceedings brought by the Government, a sheriff is permitted to conduct a judicial sale. 735 ILCS 5/15-1507(b).

In light of these facts, the Court agrees that it is in the best interest of all parties that the sale conducted by the Jefferson County Sheriff's Office be accepted. While the sale procedure deviated from what was authorized in the Decree, it appears that the deviation causes no prejudice to any party. To reject the sale, on the other hand, could

prejudice the high bidder, who in reliance on the appearance of a valid sale, may have invested time and money in improvements to the property.

The United States Marshal shall collect the sale proceeds from the Jefferson County Sheriff's Office. The Marshal shall also prepare and submit a report of sale, based on the facts of the sale conducted by the Jefferson County Sheriff's Office. The Court reserves the right to review and accept or reject the report of sale as it does in every foreclosure case.

**IT IS SO ORDERED.**

**DATED: June 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**